## WAITS v. STATE.
### No. 4867.

Court of Civil Appeals of Texas. Texarkana. Nov. 8, 1934.

R. T. Wilkinson, Jr., and H. L. Edwards, both of Mt. Vernon, for appellant.

John A. Cook, of Mt. Pleasant, and F. B. Caudle, of Mt. Vernon, for the State.

LEVY, Justice.

The suit is in the name of the state of Texas by both the district attorney and the county attorney in the purpose to abate and enjoin a public nuisance, of maintaining a house and place where intoxicating liquors are kept and sold. The appeal is from an interlocutory order granting a temporary injunction. The first assignment of error is to the point that the plaintiff's petition is subject to a general demurrer. It becomes unnecessary to consider the other assignments of error and points thereunder.

The petition in effect alleged that the defendant lived in and occupied a one-story structure on premises one mile west of Mount Vernon on Federal Highway No. 67, and used it as "a dwelling and restaurant and a tourist camp," and "for the purpose of selling intoxicating liquors, three-two beers in violation of the criminal laws of the State of Texas." The prayer reads: "Wherefore, the plaintiff prays the Court that a writ of injunction restraining the habitual, actual and contemplated use of the above-described buildings, residence and restaurant and tourist camp, or any part thereof, for carrying on the business of selling three-two beer, or other intoxicating liquors, and that the house described in this petition be closed under the padlock laws of this State and the defendant be cited to appear and answer herein, and that the plaintiff have a judgment and this injunction be made perpetual, and the plaintiff have such other relief, special and general, in law and in equity that the plaintiff may be justly entitled to under the law and the facts."

The petition, properly construed, is undertaking to stop the sale of "three-two beer" as a type of "intoxicating liquor" or alcohol beverage in the territory or locality in which the particularly described house and premises of the defendant are located. The other allegation of "or other intoxicating liquors," being both general and in the alternative, may not be regarded. 31 C. J. § 181, p. 663. The omission of material matter in the description of the unlawful act cannot be supplied by merely a general charge that the act was committed "in violation of the criminal laws of the State of Texas." 31 C. J. p. 694. These allegations may not be held sufficient to show a violation of law such as is required to establish under the statute a public nuisance, made the subject of an injunction. Articles 4664–4666, Rev. St. 1925. The former used

forms of allegations would not be applicable at this time, in view of the changed law. The act as to which the complaint is predicated becomes unlawful only by reason of other facts or circumstances connected with it, which are not alleged. It is neither alleged that the "three-two beer" being sold by defendant contains "more than three and two-tenths per centum of alcohol by weight," nor that the particular premises on which the beer is being sold is within the locality or political subdivision wherein liquors or vinous and malt liquors had been prohibited by local option election held under the laws of the state. These allegations are essential, and may not be dispensed with in order to show a public nuisance abatable by injunction. 33 C. J., § 409, p. 697. For by the terms of the present law it may not be considered a violation thereof, and consequently could not be deemed a public nuisance, to sell beer of "not more than three and two-tenths per centum of alcohol by weight," unless the sale thereof has been prohibited in that territory or political subdivision by local option election held under the laws of Texas. It is not made an offense nor an act prohibited to sell beer containing 3.2 per centum of alcohol by weight, and containing no more per centum of alcohol by weight, outside of a territory or locality not legally deemed a territory or political subdivision wherein the sale is prohibited by the local option law. Article 694a, Vernon's Ann. P. C. (Acts 1933, c. 116, p. 288). It is expressly provided by law that the sale of beer of 3.2 per centum of alcohol by weight, and not more than that per centum by weight, "is hereby authorized within the State of Texas, subject to the terms and conditions herein imposed." Article 694a, § 1 (a). Of course if the beer contained more than 3.2 per centum of alcohol by weight, and such fact was affirmatively charged in the petition, a sale of it would be under the law an offense anywhere in the state, and consequently may be a subject-matter of injunction as a public nuisance. The direct and positive allegations necessary to declare the sale of malt beverage at a particular house or locality a public nuisance per se or at law are not unlike such averments as required in an indictment charging unlawful sale, as an indictable offense. The general rules governing the construction of penal statutes apply in construing statutes under consideration attempting to cover public nuisances or acts in the nature thereof. State v. Duke, 104 Tex. 355, 137 S. W. 654, 138 S. W. 385. A lawful use of property or the conduct of a business in a lawful and proper manner does not create actionable nuisance against which relief by injunction may be had. A lawful use of property or lawful conduct of business is never a public nuisance per se. It is the place of business only where a public statute is violated that is a public nuisance per se. 46 C. J. p. 660. In this view above stated it is concluded that the petition is subject to demurrer, as not having alleged the sale of beer at the particular place in violation of law.

Accordingly the order granting a temporary injunction is here vacated, and the cause remanded.