James E. HENSON, Jr., Appellant,

v.

David DENISON, Appellee.

No. 17836.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 28, 1977.

Zimmermann, Driscott & Baskett, Robert T. Baskett, Cecil Emerson, Dallas, for appellant.

Griffin, Shelton & Eames, Mike Griffin, Denton, Jerry John Crawford, Lewisville, for appellee.

## OPINION

MASSEY, Chief Justice.

By suit filed in a district court of Denton County, Texas, on May 7, 1976, petitioner, David Denison, a private citizen authorized to act pursuant to provisions of Tex.Rev. Civ.Stat.Ann. art. 4667 (1973), *Injunctions to abate public nuisances,* sought injunctive relief of respondents, James E. Henson, Jr., David Ledbetter and others.

On August 12, 1976, was held a hearing upon petitioner's motion for temporary injunction. Based upon evidence considered sufficient to justify it, the judge granted the motion and directed issuance of writ in the enforcement. The order was signed August 23, 1976. Though the relief granted petitioner was against Henson, Ledbetter and others, the only one who appealed was Henson.

We reverse and vacate the order granting temporary injunction.

Certain premises are involved in the case, being .95 acres of land in Denton County (without the city limits of any municipality), the title to which was lodged in David Ledbetter. Prior to date petitioner's suit was instituted Ledbetter had leased a certain parcel out of the .95 acres to the respondent, Henson. It is in the use, or misuse, of the .95 acres and the parcel severed therefrom for lease to Henson that we must concern ourselves.

Hereafter when the term respondent is used it is Henson to whom there is reference, and when the term petitioner is used it is Denison to whom there is reference. On presentation of the appeal the petitioner has erroneously taken the position that insofar as his action is against respondent the

lot or land parcel occupied by him under lease from Ledbetter remained a part of Ledbetter's premises. That is not the situation in the eyes of the law for when Ledbetter leased to the respondent he became landlord of the leased premises, without right to enter without consent of his tenant save for some provision of contract.

What we attempt to clarify is that the premises leased to respondent was, during the term of his lease, his own and not Ledbetter's.

In this particular case the Ledbetter land might be likened to a shopping center where the owner has leased various partitioned store areas from which his lessees might conduct whatever business it is in which they wish to engage. In such a case should there be violation of law connected with the usage by one of his lessees of leased premises the fact of violation by him, if in no way connected with culpability of the lessor in the initial execution of the lease and not a part of any conspiracy by both to aid and abet the violation of law by the tenant, the tenant's violation would not amount to any violation of law by the lessor landlord. And, should it be the landlord who might violate the law by use of premises he retained and did not lease, the enjoinder of the landlord from continuing some illegal misuse of his own property would in no way affect the property leased to an innocent tenant—nor to a tenant who is not shown to have either been guilty of some violation of law or to threaten to be unless enjoined.

In the instant controversy Ledbetter and his retained parcels of land and the respondent and his leased parcel must, for the purposes of application of legal tests of propriety for injunction, be treated and considered as though separated by many miles, despite the fact that the respondent's leased ground was carved out of the greater land area of .95 acres to which Ledbetter held title.

■ Thus the fact that Ledbetter did not appeal from the temporary injunction de-

cree would in no way have an effect upon respondent's legal position. Propriety of the Trial Court having enjoined respondent must be tested by facts considered wholly unrelated to any by virtue of which Ledbetter or any other of the respondents to the original suit might have properly been enjoined. This is so for by a test of the evidence in the record nothing appears which would establish any conspiracy or other reason for any different application of tests or for inclusion of additional tests.

What acts were enjoined by the Court's order? They were the following: (1) illegal acts of prostitution on the Ledbetter premises, premises leased to respondent, and premises leased by Ledbetter to others; (2) the operation of massage parlors on the premises; (3) the operation of the premises for prostitution or for the operation of massage parlors; (4) the leasing (and impliedly the sub-leasing) of any part of the premises for said uses; and (5) allowing the premises to be used for such purposes.

By one point of error there is attack upon Tex.Rev.Civ.Stat.Ann. art. 4667 (1973), *Injunctions to abate public nuisances,* on the ground that it was enacted in contravention of the provisions of the Tex.Const. art. III, § 35, (*Legislative Deportment*)—*Subjects and Titles of Bills.*

■ In the disposition of the case we find it unnecessary to pass upon the constitutionality of Art. 4667, and we expressly decline to do so in this particular case of appeal from an order of temporary injunction. In temporary injunction cases we should not pass on constitutional questions where it is not necessary! 31 Tex.Jur.2d *Injunctions* Sec. 151, *Issues,* (1962). We overrule the point as immaterial.

The only other two points, both predicated upon the constitutionality of Art. 4667, have relation to Art. 4664, *Nuisance;* Art. 4665, *Nuisance; evidence;* and to Tex. Penal Code Ann. Ch. 43 (1974), *Public Indecency,* and sections thereunder viz: § 43.01, (*Prostitution*)—*Definitions;* and § 43.02, *Prostitution.* Respondent's complaints are

(1) no sufficient evidence to establish that respondent was operating a public nuisance, and (2) that the order of temporary injunction which forbids the operation of "massage parlors," *per se,* is too broad and thus invalid. We sustain both these points of error.

There is nothing inherently evil in the term "massage parlor" nor in the operation of any proper "massage parlor" establishment. There is nothing in the law which forbids such. It could only be by misuse of the term or by the operation or intended operation of something other than or in addition to proper activities conducted at some establishment under color of its designation as a "massage parlor" that there might be propriety of an injunctive order in restraint.

It should be only improper activities which should be enjoined, not the lawful activities which might be carried on by a legitimate "massage parlor" operator. These would be lawful, and, as lawful, proper to be made a business or trade in which every citizen would be privileged to engage if so disposed. No State law requires a license to engage in such a trade or business in Texas. Indeed, one who does so as a masseur is exempted by Tex.Rev.Civ.Stat. Ann. art. 4590c (1976), *Basic Science Law,* from complying with its provisions relative to licensing and examinations for licensing, by qualifying language in the article's section 16, *Exceptions.*

A lawful use of property or lawful conduct of business is never a public nuisance *per se.* It is the place of business only where a public statute is violated that is a public nuisance *per se. Waits v. State,* 76 S.W.2d 545 (Tex.Civ.App.—Texarkana 1934, no writ). In this case the fault in the order of temporary injunction relative to "massage parlors" and operation of such by respondent is that it is over-broad and, further, that it enjoins operation of trade or business respondent is privileged to engage as a lawful one.

From what we have said on the absence of any impropriety of acting as a masseur and operating a "massage parlor", it is obvious that for one so engaged to be temporarily enjoined would be to alter and not to preserve the *status quo,* and, except in an instance where to permit activity would be to permit the right to continue the violation of a law, the activity should not be enjoined. Since there was no proof of a violation or intended violation of law it is obvious in this case that to permit respondent to conduct his business would be to preserve the *status quo* and it is the function of temporary injunctions to preserve such, not to change it or destroy it. 31 Tex.Jur.2d, *Injunctions,* Sec. 12, *Preliminary and temporary injunction;* Sec. 38, (*Use of temporary injunction to maintain status quo*)—*In general* (1962).

There is no question but that in this case propriety of the temporary injunction depended upon petitioner's proof having established violation of law by the respondent on the premises leased from Ledbetter and not the violation of any other person on any other premises. We have, by test of the evidence, concluded that there was failure on the part of the petitioner to make even a *prima facie* case of violation of law against the respondent. An applicant for injunction must have made out a *prima facie* case for injunction before the defendant has a burden to go forward and show facts justifying a denial of the injunction. Such a defendant's burden would not arise in a case such as this where the applicant's case has been made out against some third party but not the defendant. 31 Tex.Jur.2d *Injunctions,* Sec. 150 (*Hearing for Temporary Injunction—In general; Proof*)—*Burden* (1962).

The premises of respondent was leased from Ledbetter on April 15, 1976. At time of the hearing respondent operated a business by the name of La Casa Massage at the premises. The evidence upon violation of law upon which petitioner relied related solely to events which had occurred in February, 1976, and not subsequently, and on premises of Ledbetter and/or other of Ledbetter's lessees. As of the time of the

hearing in the Trial Court in August of 1976 all massage parlor activity other than that of respondent had ceased.

There was evidence that in February of 1976 the respondent was using the same leased premises for some purpose never specified, it then being on a portion of Ledbetter's .95 acres which was under lease to Betty Chaney, operator of a business by the name of Foxy Lady Massage and held by him by sub-lease (of his location) from Chaney, who was in occupancy of a retained part where she operated the Foxy Lady. The Foxy Lady Massage ceased to do business February 28, 1976. Mr. Ledbetter had at that time caused Betty Chaney to be evicted and she was shown to have left the vicinity. By Chaney's eviction respondent lost his sub-lease, whereupon if he remained it was, of necessity, by agreement with Ledbetter. He obtained his lease from Ledbetter in April of 1976.

There was evidence that another lessee of Ledbetter on the .95 acres had in February, 1976, operated a "massage parlor" called the Garden of Eden. A woman by the name of Cynthia worked there in February of 1976. There was evidence that in such month she had participated in activity forbidden by law by Tex.Penal Code Ann. § 43.01 and § 43.02. Cynthia testified in denial at the hearing.

There was not evidence of any forbidden activity having ever transpired pursuant to respondent's operations of his establishment, La Casa Massage, though there was such character of proof relative to respondent's sub-lessor, Betty Chaney, in her operation of the Foxy Lady in the month of February, 1976. In that connection there was no evidence that there was any misuse of the portion of her leased property which she was subleasing to respondent at the time. Indeed, Betty Chaney was never made a party to petitioner's suit.

The foregoing having been the extent of the proof by the petitioner for injunction we hold there was not evidence to support the statements made in the court's injunctive order as reasons for issuance of the writ. Tex.R.Civ.P. 683 (1967), *Form and Scope* of *Injunction or Restraining Order.* There being no evidence to support such statements of reasons for issuance of the writ there was no evidence to support the injunction itself, and, consequently, an abuse of discretion in granting the writ. *City of Houston v. Southwestern Bell Tel. Co.,* 263 S.W.2d 169 (Tex.Civ.App.—Galveston 1953, writ ref'd).

Apart from any confinement to those stated by the Court in its order to be its reasons for issuing the writ, there was not evidence which supported the injunction in any event. The respondent introduced no evidence and he rested his case at the time petitioner rested in reliance of his pleaded general denial. Petitioner's evidence proved nothing relative to the respondent's activities on property leased by him or elsewhere, lawful or unlawful, proper or improper, save by the implication to be made from the name of his business, La Casa Massage, that he was operating a massage business thereat. However, that was a lawful business if properly conducted and there was nothing to the contrary proved.

Judgment order of the Trial Court is reversed, with the temporary injunction vacated pending hearing on the merits of petitioner's case for permanent injunction.