**INWOOD FOREST COMMUNITY IMPROVEMENT ASSOCIATION,**
Appellant,

v.

**R. J. S. DEVELOPMENT COMPANY, INC. et al., Appellees.**

No. 17999.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 4, 1982.

R. Mark Schultz, Large & Schultz, Houston, for appellant.

Robert H. Fisher, Carl, Lee & Fisher, Sugarland, Earl L. Yeakel, III, Richard E. Kammerman, Kammerman, Yeakel & Overstreet, Austin, for appellees.

Before EVANS, C. J., and WARREN and DOYLE, JJ.

DOYLE, Justice.

This is an appeal from summary judgments rendered in favor of appellees.

Appellants, Inwood Forest Community Improvement Association, joined by approximately 181 residents and homeowners of the Inwood Forest area brought suit against appellees, R. J. S. Development Company, Inc., (RJS), et al, seeking injunctive relief to enjoin the proposed construction and operation of an apartment complex and sewerage treatment plant incident thereto. Appellants allege that the development of the proposed facilities would, by their very nature, constitute a private and public nuisance.

The following facts are not disputed. The City of Houston informed RJS that the city's sewerage was currently operating at its capacity and would not at that time be available to service the proposed development. Accordingly, application was made to the Texas Water Commission (Commission) for construction and operation of a sewerage treatment plant to service the planned development. After notice was published a public hearing was held on July 2, 1980, by the Commission. Appellants were parties to the hearing and were present. On July 21, 1980, while the matter was still pending with the Commission, appellants filed suit seeking injunctive relief. On August 28, 1980, the Commission issued a waste discharge permit to appellee, RJS, authorizing the construction of a sewerage facility. Appellants failed to object or appeal from the order of the Commission.

Appellees' motions for summary judgment were granted and appellants' action for permanent injunction was dismissed without prejudice to appellants. The question to be answered on appeal is whether the trial court erred in granting the motions for summary judgment.

Appellants contend that they have raised material fact issues in their responses to the motions for summary judgment. Appellees point out that appellants were not entitled to injunctive relief since they failed to exhaust their administrative remedies before filing suit.

In its order issuing the waste discharge permit, the Commission made specific findings of fact. Several of these findings are significant to the allegations of nuisance found in appellants' petition. They are as follows:

The plant will be enclosed in a vented building to reduce the possible occurrence of odor.

Plant components, including electrical wiring, will be elevated above the 100-year flood plain.

An effluent of the quality stated in the permit will not have an adverse effect on the normal uses of the receiving waters or on existing recreation facilities located adjacent to the bank of Vogel Creek.

The permit further sets forth certain requirements for the construction and operation of the sewage treatment plant:

The plans and specifications for the waste collection and treatment works associated with the discharge authorized by this permit must be approved pursuant to state law, and failure to secure approval before commencing construction of such works or making a discharge therefrom is a violation of this permit and each day of discharge is an additional violation until approval has been secured.

The permittee shall submit plans and specifications for its sanitary sewer system to the City of Houston for review. All material and methods of construction for sanitary sewers shall comply with the Texas Department of Water Resources/Texas Department of Health "Design Criteria for Sewerage Systems", and where applicable with the City of Houston standard specifications. The permittee shall notify the City of Houston of any future sewerage construction before the work begins. The permittee shall permit inspectors from the City of Houston to inspect the construction of all sewerage facilities in accordance with any recommendations from the City of Houston promoting good sewerage system operation and maintenance.

The permittee shall immediately notify the Harris County Pollution Control Department in writing upon completion of new facilities described in this permit. The permittee shall at all times maintain in good working order and operate as efficiently as possible all treatment or control facilities or systems installed or used by the permittee to achieve compliance with the term and conditions of this permit.

These sewerage facilities shall be operated and maintained by sewerage plant operator holding a valid certificate of competency issued under the direction of the Texas Department of Health.

■ The Administrative Procedure and Texas Register Act provides, with regard to proceedings before state agencies, including the Texas Water Commission, that "A decision is final, in the absence of a timely motion for rehearing on the expiration of the period for filing the motion for rehearing..." Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 16(c) (Supp.1980). The rules of the Texas Water Commission provide that a motion for rehearing is a prerequisite to an appeal and that the motion is to be filed within fifteen (15) days after the rendition of the final decision or order. 31 TWC § 273.1 (1980). The requirement in the Rules of the Texas Water Commission that a motion for rehearing is prerequisite to an appeal, is statutory. It is appellees' position that since no motion for rehearing was filed as provided by statute, the Commission's order and permit are now final and unappealable and that the trial court was correct in granting their motions for summary judgment.

In a very similar case, this court has held that a party must exhaust prescribed administrative remedies prior to seeking injunctive relief by a collateral attack on an order if the administrative remedies are adequate. *Kettlewell, et al. v. Hot-Mix, Inc.*, 566 S.W.2d 663 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

■ A motion for summary judgment is submitted on the ground that there is no genuine issue as to any material facts, and that the movant is entitled to judgment as a matter of law. The motion itself must state the specific grounds upon which judgment is sought so as to define the issues and to put the non-moving party on notice with adequate information to oppose the motion. Tex.R.Civ.P. 166–A. The appellees in the case at bar did not state the specific grounds upon which judgment was sought, and since the appellants failed to except to such defect before rendition of judgment, this error is waived. *The City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *Carter v. Gerald*, 577 S.W.2d 797 (Tex.Civ.App.—Austin 1979, writ ref'd n. r. e.).

It is undisputed that neither the sewerage treatment plant nor the apartment complex have been constructed. Further, no allegations have been made that the proposed construction of either facility was illegal or unauthorized by law.

Our courts have held that before the construction of a building and operation of a business not a nuisance per se will be enjoined, it must appear that the proposed use of the building will necessarily create a nuisance. *Conner v. Smith*, 433 S.W.2d 911 (Tex.Civ.App.—Corpus Christi 1968, no writ); *Schulman v. City of Houston*, 406 S.W.2d 219 (Tex.Civ.App.—Tyler 1966), aff'd 412 S.W.2d 34 (Tex.1967).

■ In order for appellants to have raised a fact question on the issue of nuisance, they must have shown that the operation and construction of the proposed facilities would constitute a nuisance per se. The court, in *Boyd v. City of San Angelo*, 290 S.W. 833 (Tex.Civ.App.—Austin 1927, writ ref'd n. r. e.), held that the operation of a sewerage plant is not a nuisance per se. The courts have held that the lawful use of property or a lawful conduct of a business is never a public nuisance per se. *Henson v. Denison*, 546 S.W.2d 898 (Tex.Civ.App.—Fort Worth 1977, no writ).

■ Appellants contend that their affidavits and sworn pleadings conclusively established that fact issues existed. Appellants' amended petition outlined issues that appellants felt were relevant to a trial on the merits. However, the law is well settled that pleadings do not constitute proper summary judgment proof, even when sworn to. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971).

■ The only proof presented by appellants was contained in the affidavits of Tom Garry and Sherri Hussey, both residents of the Inwood Forest area. Neither affidavit reflected that the affiants were familiar with apartment complexes or sewerage treatment plants. Hussey's affidavit did not contain any facts regarding the issue of nuisance. Garry merely stated in his affidavit that "The proposed apartment project and sewage treatment plant is located southeast of most property in the Inwood Forest Subdivision. The prevailing winds in the area are from the southeast. Any odors and noise will be carried over the area. The areas experience heavy traffic congestions at certain times and dates." The affidavits of Garry and Hussey contained only subjective opinions and conclusions and thus were not competent summary judgment evidence. *Wise v. Dallas Southwest Media Corp.*, 596 S.W.2d 533 (Tex.Civ.App.—Beaumont 1980, no writ). The contents of an affidavit must set forth facts, not legal conclusions. *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605 (Tex.Civ.App. Corp.1980, no writ).

The judgment of the trial court is affirmed.