**Kathryn WHITMIRE, et al., Appellants,**

**v.**

**Henry E. KRIEGEL, Appellee.**

**No. A14–83–649CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 14, 1984.

John R. Whittington, Jr., Senior Asst. City Atty., Houston, for appellants.

Will Sears, Sears & Burns, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment that Appellee, Henry E. Kriegel recover from Appellant, City of Houston, additional termination benefit payments. The judgment also included a writ of mandamus compelling the current Controller of the City of Houston, Appellant Lance Lalor, to pay the judgment to Appellee. We affirm.

Appellee was the City Treasurer of Houston until May 3, 1977. On May 3rd, Appellee was appointed, by the then Mayor Fred Hofheinz, to the position of Controller for the City of Houston. At the time of Appellee's appointment, the salary of the City Controller was fixed by Houston City Charter at $14,800.00 annually. By resigning his position as City Treasurer and taking the Controller position, Appellee took a substantial decrease in salary.

In order to pursuade Appellee to accept the Controller position, Hofheinz proposed an "agreement" with Kriegel. Under this agreement, Kriegel was to remain City Controller until a new Controller was elected. After the election, Appellee was to be reappointed to the position of City Treasurer with a salary increase to reimburse him for the "loss" of salary incurred while serving as City Controller.

Appellant Kathryn Whitmire was elected Controller in November 1977 and took office on December 13, 1977. On that same date, Appellee was reappointed as City Treasurer at a base salary of $2,697.50 biweekly plus $30.00 in biweekly longevity pay for a total of $2,727.50 biweekly. Appellee's longevity pay increased $2.00 biweekly on January 2, 1978. Appellee's rate of pay remained the same until July 1, 1978 when it was decreased to $2,233.84. During the next pay period, Appellee's biweekly salary was reduced to $1,759.10. Appellee's salary remained the same until September 23, 1978, when it was increased to $1,880.00 biweekly, pursuant to an across the board pay increase for city employees. There were no further changes in Appellee's salary up to December 29, 1978, when he resigned from the position of City Treasurer.

Any employee of the City of Houston who leaves city employment is entitled to termination pay based upon the amount of accumulated but unused vacation and sick days. Each employee is to be paid for up to 60 vacation and all sick days accumulated during city employment. Kriegel had accumulated 60 vacation days and 189.75 sick days. These accumulated days are to be paid according to the employee's final rate of pay unless the employee has been employed at a "higher base pay" for at least 60 days during his tenure with the city.

Appellee applied for his termination benefits. The City of Houston paid the accumulated amount at Appellee's final rate of pay. Appellee objected, claiming that since his base rate of pay was higher for a period of more than 60 days, he should be paid at the higher rate and not his final rate of pay. Appellee's claim was based upon the rate of pay he received immediately after he was reappointed as City Treasurer. Appellee made a formal demand upon former City Controller Whitmire for the additional payment. Appellant Whitmire refused to make the payment. Appellee then filed suit for the additional amount of termination benefits.

Appellee initially sought an "immediate" writ of mandamus to compel the Controller to make payment. After a hearing, Appellee's request for such mandamus was refused. A trial on the merits of Appellee's claim was then set. Counsel for Appellants filed a set of Special Exceptions claiming that Appellee's pleadings did not state a cause of action other than mandamus. Appellants, however, failed to obtain

a hearing on those Special Exceptions and the trial judge concluded that they had been waived. After a full trial on the merits of Appellee's claim, the trial court entered judgment for Kriegel in the amount of $21,216.26. This amount represented the difference between Appellee's termination benefits figured at his highest base rate of pay and his final base rate of pay. The final judgment also included a writ of mandamus compelling the current City Controller to pay this judgment debt.

Appellants appealed the judgment of the trial court raising three points of error. In the first point of error, Appellants argue that the trial court erred as a matter of law in concluding that under the facts proven at trial the Controller had no discretion to refuse to pay the higher amount of termination pay because the underlying agreement was an unenforceable *ultra vires* contract. We disagree.

Appellants do not dispute that Appellee, while serving as Controller, was paid the exact amount authorized by the City Charter for that position. Appellants also do not dispute that after Appellee was reappointed as City Treasurer he was paid an amount within the salary range set by the City Council and that the Mayor has discretion, within that range, in setting the exact amount to be paid to the Treasurer.

 The term *"ultra vires"* has been defined as "an act which is beyond the power of a municipality to perform under any circumstances and for any purpose." *San Antonio River Authority v. Garrett Brothers*, 528 S.W.2d 266, 271 (Tex.Civ. App.—San Antonio 1975, writ ref'd n.r.e.). At no time did Appellee's rate of pay, either as Controller or as Treasurer, exceed the amount authorized for those positions. In addition, the mayor has the discretion to set the Treasurer's rate of pay. Appellee did not seek nor did the court below allow enforcement of the so called "agreement". Appellants' first point of error is overruled.

 In the second point of error, Appellants contend that the trial court erred as a matter of law because the higher amount of payment received by Appellee after his reappointment as Treasurer was only a temporary adjustment in compensation which does not fit within the term "higher base pay." Sections 12–169 and 12–170 of the Houston Code of Ordinances are the controlling sections on the payment of resignation benefits. As stated above, those sections provide that an employee's termination pay is to be determined upon the basis of the employee's final rate of pay or "higher base pay." Appellants believe that Appellee has not received a "higher base pay" as that term is used in the statute. We disagree.

In the absence of a contrary statutory or judicially accepted definition of "higher base pay," we will construe that phrase so as to give effect to the plain meaning of the words. The City paid Appellee a higher amount of compensation and we believe that higher amount of compensation fell within the plain meaning of the phrase "higher base pay." Appellants' second point of error is overruled.

In the third point of error, Appellants complain that the trial court erred as a matter of law in conducting a trial on Appellee's claim because the order of the Court which heard Appellee's original request for a writ of mandamus determined all of the issues presented to the trial court. Appellants contend that the prior order should be treated as res judicata on the point at issue.

Appellants concede that the prior order entered was an "interlocutory order" denying Appellee's application for a writ of peremptory mandamus. Appellants contend that the doctrine of res judicata was applicable to the interlocutory order insofar as it denied the application for a writ of mandamus. We disagree.

 A final judgment must be entered before the doctrine of res judicata is applicable. *See, Peters v. Leonard*, 623 S.W.2d 424 (Tex.Civ.App.—Texarkana 1981, no writ); *Gordon v. Terrence*, 633 S.W.2d 649 (Tex.App.—Houston [14th Dist.] 1982, no writ). Appellants seek to apply res judicata founded on the interlocutory order. We

refuse to give such effect to the previous order.

Appellants seek to have the interlocutory order denying a writ of peremptory mandamus preclude the writ of mandamus actually granted in this case. The application for writ of peremptory mandamus sought to compel summary payment of the retirement benefits. That application was denied. However, the order denying the writ of peremptory mandamus expressly provided that the denial "... shall not prejudice the claims of the parties as enunciated by their pleadings." Later there was a trial on the merits of Appellee's claim against the City. The trial judge entered judgment for Appellee and in connection with that judgment against the City issued a writ of mandamus compelling payment of this judgment debt.

 Mandamus will lie to compel a municipality, exempt from writ of execution, to pay a lawful judgment debt. *Garrett v. City of Wichita Falls*, 334 S.W.2d 624 (Tex.Civ.App.—Fort Worth 1960, no writ). The suit for a debt and an application for a writ of mandamus to pay the judgment may be combined. *City of Houston v. Emery*, 76 Tex. 321, 13 S.W. 266 (1890). Appellants confuse the differences between the original peremptory mandamus sought and the mandamus finally granted. The denial of the original mandamus seeking to show Appellee was entitled to the retirement benefits did not preclude the actual mandamus entered compelling Appellants to pay a lawful, valid judgment debt. Appellants' third point of error is overruled.

The judgment is affirmed.