## AMERICAN FIDELITY FIRE INSURANCE COMPANY, Appellant,

v.

## Ruth PIXLEY, Appellee.

### No. B14–84–280CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 10, 1985.

Steven J. Lownds, Dallas, for appellant.

L.H. Stu Stewart, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

PAUL PRESSLER, Justice.

This is an appeal from an order granting a temporary injunction. We affirm.

Sentry Construction Company (Sentry) sued certain Subcontractors including Kenneth C. Pixley under a construction contract. A bond from the Subcontractor in Sentry's favor was required under the contract. Appellant issued the bond at the Subcontractor's request.

A General Agreement of Indemnity (GAI) was executed by all Subcontractors as a condition of Appellant's issuing the bond. It provided that the Subcontractors, jointly and severally, would indemnify appellant for any liability it incurred under the bond, and appellant had the right to settle any claim.

During trial appellant paid Sentry $68,-000 in settlement. Appellant then filed its Cross-Action and Third-Party Action against the Subcontractors to recover under the GAI. Appellee was served with citation on June 8, 1982 and filed her answer on July 12.

On January 25, 1983, appellant obtained an Interlocutory Default Judgment based on an affidavit by its attorney stating that appellee had not answered the citation. The judgment became final on July 7. Appellee's husband testified that there was no notice of the default judgment until five months later when appellant attempted to execute the judgment by placing a lien on her farm in Oklahoma. Appellee filed a petition for Bill of Review to set aside the Default Judgment and sought a Temporary Injunction to prevent execution on the judgment. The trial court granted the temporary injunction on March 19, 1984. Appellant appeals from that order.

Appellant asserts two points of error which together allege that the temporary injunction should not have been granted because appellee presented either no evidence or insufficient evidence of a probable right of recovery on the merits in her petition for Bill of Review.

Before the hearing, the trial judge told the attorneys that it would "address itself, primarily ... to ruling whether or not a Temporary Injunction should or should not be granted." When appellee questioned her witness about his knowledge of the settlement in order to establish appellant's bad faith and extrinsic fraud in making the settlement, appellant's counsel made the following objection:

> I object to this line of questioning, Your Honor, as in accordance with the instruction of this Court, we were confining this Court's investigation of this matter to the issuing of a Temporary Injunction and, clearly these questions are going to the merits of the underlying cause.

The court sustained the objection. Appellee claims that because of this objection by appellant she was prohibited from developing evidence showing a probable right of recovery. Appellant should not now be allowed to complain that this evidence was excluded because it was appellant who made the objection which caused it to be excluded. Where both sides and the trial judge agree to the questions to be determined at the hearing and the judgment is well within the limits of their agreement, all issues resolved by the court are tried by consent. *Jones v. Garcia,* 538 S.W.2d 492, 495 (Tex.Civ.App.—San Antonio 1976, no writ).

The only question to be considered on appeal is whether the trial court abused its discretion in granting the injunction. *Iranian Muslim Organization v. City of San Antonio,* 615 S.W.2d 202, 208 (Tex. 1981); *Matuszak v. Houston Oilers,* 515 S.W.2d 725, 728 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ). Here the obvious intent of the trial court was to carve out the issue of the merits of appellee's petition for another hearing. The trial court did not abuse its discretion in granting the injunction.

The bond required by the trial court fully protects appellant if appellee loses on the Bill of Review. The grant of the injunction protects appellee's property and prevents a possible injustice.

We affirm.