**CITY OF HOUSTON, Texas, and George Greanias, Appellants,**

v.

**Jay Howard HILL, Appellee.**

**No. 01–89–00898–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 24, 1990.

Rehearing Denied July 19, 1990.

Byron Lee, Diana K. Ball, Houston, for appellants.

W. James Kronzer, Leslie C. Taylor, James R. Spradlin, Houston, for appellee.

Before WARREN, COHEN and DUNN, JJ.

## OPINION

DUNN, Justice.

This appeal is from a mandamus proceeding in the trial court. Appellants, the City of Houston ("City") and city controller George Greanias, contend that the trial court erred in granting a writ of mandamus ordering Greanias to pay appellee Jay Howard Hill $600,780.82 in satisfaction of a judgment Hill took against the City in a separate proceeding. Appellants contend that Greanias had no clear legal duty to pay the judgment, which the City has challenged by filing a petition for bill of review. We hold that Hill failed to sustain his burden of proving his entitlement to the writ of mandamus.

### The Proceedings Below

The purpose of the underlying mandamus proceeding can only be understood in the context of the related lawsuits that preceded it. Hill filed suit against the City in 1987 seeking, in relevant part, damages for the City's alleged breach of its duty of good faith and fair dealing in handling Hill's workers' compensation claim. After a bench trial, the trial court signed a judgment (the "bad faith judgment") in Hill's favor on September 7, 1988. The City never perfected an appeal from that judgment.

Hill made a written demand for payment of his $550,000 judgment on May 10, 1989. On June 19, 1989, the City filed a petition

for bill of review to set aside the bad faith judgment. The record before us includes copies of the pleadings in the bill of review proceeding. In its petition, the City alleged it did not receive notice of the 1988 judgment until Hill demanded payment in May 1989, long after expiration of the time in which the City could perfect appeal. In answering the petition for bill of review, Hill alleged that a postcard notice of the judgment was mailed to the City within 30 days of its signing. The bill of review proceeding remains pending in the trial court.

On July 26, 1989, Hill filed a petition for writ of mandamus against Greanias and the City, seeking enforcement of his judgment. The trial court held an evidentiary hearing in the mandamus action on September 7, 1989. At the hearing, the parties stipulated that the city controller had rejected Hill's demand for payment of the final judgment in the bad faith action. Hill offered no witnesses, because, as his counsel stated, "the only question here is whether their Bill of Review suit in any way prevents ... the enforcement of this Final Judgment."

Greanias testified, for the City, that he had refused Hill's demand for payment upon his legal counsel's advice that the City was likely to prevail in the bill of review proceeding. He also testified that, based on his experience as city controller, it might be "very hard" to retrieve the City's money from Hill should the City pay the judgment and then prevail on its bill of review.

After hearing the evidence and the arguments of counsel, the trial court concluded that "a petition for Bill of Review [in] and of itself does not stop the finality of the judgment nor the collectibility of the judgment." Accordingly, the court signed the writ of mandamus on August 10, 1989.

### The Enforceability of the Bad Faith Judgment

In two points of error, appellants argue that the trial court abused its discretion in granting the writ of mandamus. They contend that Greanias acted within his discretion in refusing to pay the judgment while the bill of review was pending. They cite the Houston city charter, which provides that the controller shall not approve any payment "until he has audited and examined the claim and found the same justly and legally due and payable." HOUSTON, TEX., CHARTER art. VIII, § 2 (1980).

In response, Hill contends that the trial court's judgment established that his damages claim was "justly and legally due and payable." Consequently, he argues, Greanias had no discretion to reject his demand for payment. Hill asserts that the City's bill of review does not affect the enforceability of his judgment, and cites the following authority in support of his view:

> [A]n equitable bill of review presumes the existence of a judgment which has become final by reason of the expiration of periods allowed for appeal. By its very nature, a bill of review is a separate suit seeking to set aside a judgment which has become final. The mere filing of a bill of review does not affect the finality of the judgment which is sought to be set aside.

*Schwartz v. Jefferson*, 520 S.W.2d 881, 889 (Tex.1975) (citations omitted).

In the mandamus proceeding below, Hill carried the heavy burden of not only proving his own case, but of negating by allegation and proof every fact or condition that might have justified Greanias's refusal to pay him. *Smith v. McCoy*, 533 S.W.2d 457, 460 (Tex.Civ.App.—Dallas 1976, writ dism'd). In other words, he bore the burden of proving that Greanias acted arbitrarily or abused his discretion in refusing payment. *See id.* ("when there is no legal justification for the auditor withholding approval of the claim or payment thereof, mandamus will lie").

In the hearing below, Hill introduced no evidence. Rather, he attacked Greanias's testimony by arguing that a city official has no discretion to refuse to pay a final judgment, as a matter of law. Accordingly, the narrow question we must decide is whether a judgment that is "final," because the appellate timetables have expired, might nevertheless be unenforceable

because a city official has the discretion to refuse payment of the judgment.

 Had the City timely appealed the bad faith judgment, no supersedeas bond would have been required to suspend the judgment. TEX.CIV.PRAC. & REM.CODE ANN. § 6.002 (Vernon Supp.1990). When a party's failure to receive notice of judgment prevents it from perfecting an appeal from a trial on the merits, bill of review is ordinarily the only remedy available after the time to file a motion for new trial has expired. *Petro–Chemical Transp., Inc. v. Carroll,* 514 S.W.2d 240, 245 (Tex.1974); TEX.R.CIV.P. 329b(f). In such a case, the bill of review plaintiff must allege and prove (1) a meritorious ground of appeal, (2) which it was prevented from making by fraud or mistake, (3) unmixed with any fault or negligence of its own. *Petro–Chemical Transp., Inc.,* 514 S.W.2d at 243, 246. If the trial court denies the petition for bill of review, a reviewing court may ordinarily dispose of both the original judgment and the bill of review in one appeal. *Id.* at 246.

 The mere filing of a bill of review affects neither the finality nor the enforceability of the judgment it challenges. *Schwartz,* 520 S.W.2d at 889; *Kantor v. Herald Publishing Co.,* 632 S.W.2d 656, 658 (Tex.App.—Tyler 1982, no writ) (supersedeas bond filed in bill of review action does not suspend final judgment in original action). In order to protect the status quo in the original proceeding while a bill of review is pending, trial courts have stayed execution of the original judgment by granting a temporary injunction in the bill of review action. *See, e.g., Petro–Chemical Transp., Inc.,* 514 S.W.2d at 242; *American Fidelity Fire Ins. Co. v. Pixley,* 687 S.W.2d 50 (Tex.App.—Houston [14th Dist.] 1985, no writ) (holding that trial court did not abuse its discretion by granting such a temporary injunction).

 Because the City is not subject to a writ of execution or to garnishment, Hill's only remedy for the satisfaction of his judgment is the writ of mandamus. HOUSTON, TEX., CHARTER art. IX, § 9 (1980); TEX. LOCAL GOV'T CODE ANN. §§ 51.076(b), 101.-

023 (Vernon 1988); *see Whitmore v. Kriegel,* 678 S.W.2d 567, 570 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Conversely, the City argues, it cannot file an application for injunction because Hill can take no action to collect his judgment debt other than to file a writ of mandamus. The City suggests that its only legal remedy against Hill's collection efforts is to defend against Hill's mandamus action. *See McGlothlin v. Kliebert,* 672 S.W.2d 231 (Tex.1984) (injunction unavailable where defense to suit provides an adequate remedy at law); *Design Center Venture v. Overseas Multi–Projects Corp.,* 748 S.W.2d 469, 473 (Tex.App.—Houston [1st Dist.] 1988, no writ) (citing *McGlothlin* ).

In *McGlothlin v. Kliebert,* the supreme court held that a defendant in a forcible entry and detainer case could not file a separate suit for an injunction against his eviction. The supreme court reasoned that the defendant could not obtain injunctive relief without showing that he was barred from making a defense against the forcible entry and detainer suit. 672 S.W.2d at 232. Similarly, the City argues that it could not obtain an injunction against Hill's collection efforts without showing that it is barred from defending against Hill's mandamus action.

 We conclude that the City may assert its bill of review as a defense in the mandamus proceeding. To hold otherwise would deny the City the protection available to other bill-of-review plaintiffs, who are entitled to seek injunctive relief against the collection of the judgment under attack. We see no reason to create such a legal distinction. We hold that, in appropriate cases, municipalities have the same right to a stay of collection efforts that other bill-of-review plaintiffs have through the writ of injunction. As in any injunction case, the bill-of-review plaintiff must show a probable right of prevailing on its petition and a probable threat of irreparable injury. Siskind, *Bill of Review—The Last Chance,* S.TEX.L.J. 237, 243 (1980); *see Navarro Auto–Park v. City of San Antonio,* 574 S.W.2d 582, 585 (Tex.Civ.App.—San

Antonio 1978), *aff'd*, 580 S.W.2d 339 (Tex. 1979).

■ Consequently, we hold that Greanias was entitled to rely on the pendency of the bill of review in rejecting Hill's request for payment, so long as the City had a probable right of prevailing in the bill of review proceeding and was threatened with probable injury during the interim period before final hearing. In the temporary injunction context, such a showing is made by establishing the elements of a prima facie case. *Henson v. Denison*, 546 S.W.2d 898, 901 (Tex.Civ.App.—Fort Worth 1977, no writ). We hold that the same standard applies here.

### The Burden of Proof in the Mandamus Proceeding

■ Of course, our holding bestows benefits on the City of Houston that other bill-of-review plaintiffs do not enjoy. While most bill-of-review plaintiffs are forced to plead and prove they are entitled to injunctive relief, municipalities are entitled to wait until a mandamus action is filed. In the mandamus case, the party seeking to enforce a judgment, not the municipality, bears the burden of proof. *Smith v. McCoy*, 533 S.W.2d at 460. This relaxation of the City's burden is a result of the City's exemption from garnishment or execution. This exemption is based in the public policy of our state. *National Sur. Corp. v. Friendswood Indep. School Dist.*, 433 S.W.2d 690, 694 (Tex.1968).

■ Hill argues that our adoption of the City's argument will encourage the filing of frivolous bills of review intended to frustrate the collection efforts of prevailing plaintiffs in lawsuits against other cities. We emphasize that we do not hold that the mere filing of a bill of review forestalls the satisfaction of a judgment. No municipality is entitled to arbitrarily withhold payment without a legal basis for so acting. In appropriate cases—e.g., when the petition for bill of review is proven to have been frivolously filed—mandamus should issue to compel payment. We hold only that Hill bore the burden of proving that Greanias acted arbitrarily in rejecting his demand for payment. *Smith*, 533 S.W.2d at 460. In this case, Hill had to show that the City had no "probable right" of succeeding on its petition for bill of review.

■ Hill did not attempt to refute Greanias's testimony that he refused the request for payment because his counsel advised him that the bill of review was likely to be successful. For example, although Hill's answer to the petition for bill of review alleges that notice of the bad faith judgment was timely mailed to a city attorney, he introduced no evidence in support of these allegations. *See Smith*, 533 S.W.2d at 460 (relator argued on appeal that auditor relied on inapplicable attorney general opinion in denying payment, but failed to introduce evidence in support of allegations at trial). Because he failed to disprove the factual basis for Greanias's testimony that he properly exercised his discretion, Hill failed to show that he was entitled to the writ of mandamus.

■ We recognize that in many cases a bill of review cannot be demonstrated to be baseless before the bill of review trial. Accordingly, we observe that in most cases such as this one, the better procedure is that followed by the trial court in *Tice v. City of Pasadena*, 767 S.W.2d 700 (Tex. 1989). In that case, the trial court refused to consider the writ of mandamus before the City of Pasadena's petition for bill of review was decided. *Id.* at 702. Alternatively, in the interest of judicial economy and of trying all matters between the parties in one proceeding, the trial court may conduct a trial of the bill of review and mandamus actions in one hearing. Tex.R. Civ.P. 174(a).

We sustain the first and second points of error, reverse the judgment of the trial court, and render judgment denying the writ of mandamus.

COHEN, J., dissents.

COHEN, Justice, dissenting.

Today, the majority holds that a plaintiff with a final judgment against a city cannot

collect it, unless he first proves, as a matter of law, that the city's refusal to pay is arbitrary. Thus, the plaintiff must win two lawsuits in order to collect one judgment.

The majority states that the question for decision is whether a final judgment is unenforceable "because a city official has discretion to refuse payment of the judgment." What city official has such discretion? What is the source of that discretion? According to the City, it is its charter, which requires its controller not to pay until he has audited the claim and found it to be just, legally due, and payable. The City concedes that a trial was conducted to determine these issues, and it lost.

It is not a judgment debtor's role to decide if its debt is just, legally due, and payable. That is a judge's job, one the district judge performed here. If the job duties of a district judge conflict, in this context, with those of a city controller, the controller must lose. To hold otherwise is inconsistent with my idea of an independent judiciary. A district judge is not a municipal employee. He or she should not have to satisfy the City's charter, or its controller, before ordering the City to pay a final judgment.

Greanias gave two reasons in the trial court for not paying Hill's claim. The first was that the City's attorney told him the City would probably win the bill of review lawsuit. Every city that files a bill of review will be able to say that. Greanias' second reason (which, like the first, will be routinely heard) was that it would be hard to recover the money from Hill, assuming the City ultimately prevails. Certainly, any litigant will fight to keep $600,000—witness the City's efforts. If the point is that Hill will waste all the money before the City can prevail and reclaim it, the City did not prove that in the trial court.

Nor do I think that this case is governed by *Smith v. McCoy,* 533 S.W.2d 457 (Tex. Civ.App.—Dallas 1976, writ dism'd). As set out below, that decision was made in order to preserve a delicate system of checks and balances among executive officers of the county government. Most important, there was no final judgment against the county in *Smith v. McCoy* that established the validity of the claim.

In *Smith v. McCoy,* the auditor refused to pay back wages to formerly suspended deputy sheriffs, despite a request from the county sheriff and an order from the county commissioners court. The reinstated deputies then obtained a writ of mandamus from the district judge, even though no judgment had determined the validity of the claim. The *Smith* opinion reveals the many important differences between that case and this one. For example, the court wrote:

> [T]he approval of the auditor is a condition precedent to the exercise of the commissioners court's authority to order payment of claims ... Since the auditor had not approved appellees claim, the ... commissioners courts order directing payment was void.

533 S.W.2d at 459. The City has not contended that the judgment here is void.

The *Smith* court wrote:

> A determination of whether the deputies are entitled to pay for the time suspended presents a difficult legal question for the auditor. Consequently, the auditor was acting within his official discretion to deny the claims and to require that their validity be established in a court of law.

533 S.W.2d at 459. No difficult legal question was presented to Greanias here because the validity of Hill's claim had been established in a court of law.

The *Smith* court further wrote:

> Under the constitution and legislative enactments, a delicate system of checks and balances exists to protect the funds of the county ... To hold ... that the duty of the auditor under the statutes is ministerial rather than discretionary would remove one of the safeguards in this system of checks and balances and would permit a commissioners court to disburse county funds without restraint.

533 S.W.2d at 459. Granting the mandamus here did not authorize any executive branch officer to disburse public funds

without restraint. It only required payment of funds found due in a final judgment. Setting aside the writ of mandamus here, however, would affect a delicate system of checks and balances by allowing city controllers to interfere with the final judgments of an independent judiciary.

The controller in *Smith v. McCoy* relied, as his basis for refusing to pay, on an attorney general's opinion. The court wrote:

> If the [Attorney General's] opinion in question supported the auditor's refusal to approve payments of compensation to the suspended deputies, then the auditor would have been justified in refusing to authorize payment and in requiring appellees to establish their claim in a suit against the county.

533 S.W.2d at 460. Hill established his claim in a suit against the City. The *Smith* court did not say the auditor could refuse to pay *after* a final judgment had been rendered against the city.

The court further stated:

> Evidence that appellees were suspended from their jobs and subsequently reinstated does not establish as a matter of law that they were entitled to compensation for the period of their suspension. Mandamus lies to compel execution rather than to adjudicate claims.

533 S.W.2d at 460. Here, Hill used mandamus to compel execution, not to adjudicate his claim.

Finally, the *Smith* court gave McCoy some free legal advice. It wrote:

> [T]he remedy here is a suit against the county to establish the validity of appellees' claim, rather than an order of mandamus.

533 S.W.2d at 461. That is the remedy that Hill successfully pursued.

It is important to remember that the question before us is not whether the City will get to appeal the judgment. That will be decided in the bill of review suit still pending in the district court. Needless to say, the City should not lose its valuable right to appeal just because it did not get notice of the judgment. If it proves its allegations, the City will get to appeal.

*Petro–Chemical Transp., Inc. v. Carroll,* 514 S.W.2d 240 (Tex.1974). The only question before us is, who will hold the money in the meantime. Given the existence of a presumptively valid final judgment in favor of Mr. Hill and the City's weak showing in the trial court, I am not convinced that the only legal alternative was to let the City do so. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917–18 (Tex.1985).

Although the majority emphasizes that the mere filing of a bill of review by a city will not hereafter automatically prevent collection of a judgment, I fear that will be the result of its decision. Therefore, I respectfully dissent.