**NAVARRO AUTO–PARK, INC.,**
Appellant,

v.

**CITY OF SAN ANTONIO et al.,** Appellees.

**No. 16137.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 1, 1978.

Rehearing Denied Dec. 6, 1978.

Harvey L. Hardy, San Antonio, for appellant.

Crawford B. Reeder, Asst. City Atty., San Antonio, for appellees.

MURRAY, Justice.

This is an appeal of an order of the 45th District Court of Bexar County, Texas, denying an application for temporary injunction.

Appellant, Navarro Auto-Park, Inc., sued appellees, City of San Antonio, for declaratory and injunctive relief seeking to have an issuance of certificates of obligation by appellees for the purpose of building and operating an off-street parking garage declared illegal and enjoined. Unless the appellees are enjoined, they will build and operate an off-street parking garage, and certificates of obligation issued pursuant to Article 2368a.1, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1978), will be used to finance this project.

The sole question is whether the trial court abused its discretion in refusing to grant the temporary injunction. *Holbrook v. City of El Paso*, 377 S.W.2d 669 (Tex.Civ. App.—El Paso 1964, writ ref'd n. r. e.); *Texas Foundries, Inc. v. International Moulders and Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952). In *Texas Foundries, Inc.*, our Supreme Court held that:

> The granting or refusing of a temporary injunction is subject to a very different character of appellate review from the granting or refusing of a permanent injunction. The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion.

248 S.W.2d at 462.

The scope of inquiry of an appellate court in reviewing matters involving the granting of a temporary injunction is the same as in reviewing matters involving the refusal of a temporary injunction. It is well settled that an abuse of discretion must be shown. *Harding v. W. L. Pearson & Co.*, 48 S.W.2d 964 (Tex.Com.App.1932, judgmt. adopted). We agree with appellant that as a taxpayer it has a right to bring this suit to enjoin the illegal expenditure of public funds. *Hachar v. County of Webb*, 563 S.W.2d 693 (Tex.Civ.App.—San Antonio 1978, writ ref'd n. r. e.). We disagree with appellant that the trial court abused its discretion in denying the temporary injunction.

Appellant argues that he is entitled to a temporary injunction for two reasons: (1) Article 1269j–4.8 Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1978), limits the financing by appellees of off-street parking garages to

revenue bonds only; and (2) the certificates of obligation and the public notices and orders with respect thereto completely omitted any statement of the construction of rental shopping space on the ground floor of the garage which was one of the purposes for which they were being issued.

The authority of the City of San Antonio to build and maintain an off-street parking garage is well established. *Zachry v. City of San Antonio*, 296 S.W.2d 299 (Tex.Civ. App.—San Antonio 1956), *affirmed*, 157 Tex. 551, 305 S.W.2d 558 (1957). In *Zachry v. City of San Antonio*, the court held that, "A city possesses powers not denied by statute or constitution so long as the city has incorporated those powers in its charter. . . . If such power exists, it must be found within these provisions of the Charter . . ." *Id.* at 301. The court then quoted provisions from the charter of City of San Antonio which are identical to the provisions that exist today. In concluding, the court stated that "the City had the power to provide off-street parking facilities under its Charter." *Id.* at 303.

Appellant argues that Article 1269j–4.8 acts as a limitation on the mode of financing construction of city-owned parking garages through revenue bonds. We disagree.

Section 3(a) of Article 2368a.1 authorizes a city to issue certificates of obligation for the purpose of paying any contractual obligations to be incurred for the construction of any public work. A city-owned off-street parking garage is a public work. *Amstater v. Andreas*, 273 S.W.2d 95 (Tex. Civ.App.—El Paso 1954, writ ref'd n. r. e.).

Article 1269j–4.8 provides in part:

Section 1. This Act applies to any city with a population of more than 650,000 according to the last preceding federal census.

Sec. 2. A city subject to this Act may acquire, lease as lessor or lessee, construct, improve, enlarge, and operate off-street parking facilities. The city may contract with any public or private entity for the performance of any function authorized under this section.

Sec. 3. For any purpose authorized under Section 2 of this Act, the governing body of the city may issue revenue bonds from time to time in one or more series to be payable from and secured by liens on all or part of the revenue derived from a facility authorized under this Act.

. . . . .

Sec. 11. This Act is cumulative of all other law on the subject, but this Act shall be wholly sufficient authority within itself for the issuance of the bonds and the performance of the other acts and procedures authorized by it without reference to any other law or any restrictions or limitations contained therein, except as herein specifically provided. When any bonds are issued under this Act, then to the extent of any conflict or inconsistency between any provisions of this Act and any provision of any other law, the provisions of this Act shall prevail and control. A city shall have the right to use the provisions of any other laws, not in conflict with the provisions of this Act, to the extent convenient or necessary to carry out any power or authority, express or implied, granted by this Act.

Prior to Article 1269j–4.8, appellees already had explicit charter authority to issue revenue bonds to build public improvements. Article 1269j–4.8 provides the procedure to be followed in issuing revenue bonds for the purpose of building off-street parking. In a sense, it is a legislative limitation on the authority of certain cities to issue revenue bonds for the purpose of acquiring off-street parking facilities. However, section 11 of the Act states, "This Act is cumulative of all other laws on the subject . . ." It is apparent from section 11 that the Act is not exclusive authority for appellees to obtain off-street parking facilities.

The construction urged by appellant would be against the specific language used in the Act. We believe that if the legislature had intended to limit appellees' authority to build off-street parking to revenue bonds, it would have said so and would not

have left the matter entirely to implication. 53 Tex.Jur.2d *Statutes*, § 181 (1964).

The appellant next complains of the action of the trial court in denying his temporary injunction because the notice required by Section 8(b) of Article 2368a.1 failed to state one of the purposes of the project which is the construction of rental shopping space on the ground floor of the garage. Section 8(b) provides in part that: "[N]o certificates, irrespective of their sources of payment, may be authorized under Section 9 of this Act until the issuer has caused notice of its intention to issue such certificates to be published in a newspaper . . Such notice shall (i) state . . . the purpose thereof . . ." The notice given by appellees in this case was for the purpose of "constructing off-street parking facilities." It is undisputed that the appellees plan to lease to retail merchants that part of the ground floor not utilized by ramps and driveways.

Since the only relief sought on final trial by appellant is injunctive, the applicant must show a probable right on final hearing to a permanent injunction. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216 (Tex.1968). On appeal, the evidence must be construed as sustaining the action of the trial court in granting or refusing a temporary injunction unless such evidence was of the character to compel a contrary conclusion from that on which the trial court presumably acted. *International Ass'n of Machinists Lodge 1488 v. Downtown Employees Ass'n*, 204 S.W.2d 685 (Tex.Civ.App. —Galveston 1947, writ ref'd n. r. e.).

Viewing the evidence from this standpoint, we must presume the trial court found that appellant failed to prove that the use of the ground floor for retail shops was not incidental to the main use of the structure as an off-street parking garage. The burden was clearly upon appellant to prove that the use of the ground floor for retail shops was not an incidental use. Therefore, appellant's statement that appellees failed to prove how many stories the structure would contain is without merit.

We hold that under the record of this case the trial court did not abuse its discretion in refusing to grant the temporary injunction.

The judgment of the trial court is affirmed.