William Herbert McGINTY, Appellant,

v.

Helen Elizabeth McGINTY, Appellee.

No. 8321.

Court of Civil Appeals of Texas, Beaumont.

Nov. 15, 1979.

Rehearing Denied Dec. 6, 1979.

Houston I. Thompson, Silsbee, for appellant.

Lee Roger Ratliff, Silsbee, for appellee.

CLAYTON, Justice.

This is a divorce proceeding wherein appellant, William H. McGinty, was granted a

divorce from appellee, Helen Elizabeth McGinty. Appellant has filed a limited appeal, wherein he appeals from that part of the judgment awarding appellee "twenty-five percent of all disability benefits due [appellant], and accruing after November 9, 1978, as a result of [appellant's] military service with the U.S. Department of Navy. . . ."

Appellant, by two points of error, attacks that part of the judgment rendered by the trial court awarding appellee twenty-five percent of appellant's military disability benefits contending that such benefits are appellant's separate property, and not community property, and are therefore not subject to division. We do not agree.

 It is the well-settled law of this state that military disability retirement benefits are an asset of the community estate and subject to a division in a suit for divorce. *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970); *Ex parte Johnson*, 583 S.W.2d 660 (Tex.Civ.App.—Waco 1979, no writ).

■ There is another reason for affirming the judgment of the trial court. During the course of the trial, appellant stated in open court that he had no objection to his wife being awarded twenty-five percent of his disability retirement benefits and stated that he "agreed to that." Appellant's counsel stated to the court, "She should be entitled to twenty-five percent of it [disability retirement benefits]." This agreement by appellant and statement by his counsel were made during the course of the trial and prior to the time appellant rested. Appellant and his counsel made the suggestion to the court as to the portion or percentage of the retirement benefits to be awarded to appellee. Subsequently, the court accepted, adopted, and awarded such percentage to appellee. The trial court accommodated appellant and his counsel in this regard.

To permit a party to suggest, agree, and otherwise prevail upon the trial court to enter an order, such as the one involved herein, and then seek to reverse such an order upon the grounds asserted in this cause, would be to allow one to trifle with the courts. As stated in *Spence v. State National Bank*, 5 S.W.2d 754, 756 (Tex. Comm'n.App.1928, jdgmt. adopted):

"The principle is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant."

*Moore v. Moore*, 430 S.W.2d 247, 250 (Tex. Civ.App.—Dallas 1968, writ ref'd n. r. e.); *Gaspard v. Gaspard*, 582 S.W.2d 629, 631 (Tex.Civ.App.—Beaumont 1979, no writ).

Finding no error, the judgment of the trial court is affirmed.

AFFIRMED.