**Ex Parte Morgan PUMMILL.**

**No. 18409.**

Court of Civil Appeals of Texas, Fort Worth.

July 24, 1980.

Hand, Anderson & Johnson, and David Anderson, Marlin, for appellant.

Jerry Loftin, Fort Worth, for appellee.

## OPINION

**PER CURIAM.**

Relator Morgan Pummill was held in contempt of court and jailed after refusing to comply with a property settlement provision of his divorce decree. The provision in question awarded fifty percent of his Vet- erans Administration disability compensation benefits to his wife. By the divorce judgment he was to pay to her one–half of the monthly benefit amounts as he received the payments from the federal government. Pummill has applied for a writ of habeas corpus, and collaterally attacks this portion of the divorce decree as void. He further attacks the order of commitment holding him in contempt as unenforceable, having arisen out of a void order.

We grant Pummill's application for writ of habeas corpus and order that he be discharged from custody.

Pummill suffered a service related disability while a member of the U. S. Air Force which caused his retirement from active duty in 1968. In 1969, Pummill, who was totally disabled, executed a waiver of his military retirement in exchange for disability compensation benefits from the Veterans Administration. This election was governed and executed pursuant to 38 U.S.C. secs. 3104(a) and 3105 (1979). Payment of V. A. disability compensation benefits was on a monthly basis conditioned on Pummill's continued total disability.

During 1977, Pummill and his wife were divorced. The divorce decree read, in material part, as follows:

> The Court further finds that Petitioner, MORGAN WAYNE PUMMILL, is presently receiving the sum of $699.60 from the Veteran's Administration as an award for 100% disability, and that Respondent, MARILYNN PUMMILL, is awarded one–half (½) off the $699.60, to–wit: $349.80 per month, as her separate property and estate. Said sum shall be due beginning June 1, 1977, and shall be paid as follows:
>
> " . . .
>
> "2 Petitioner, MORGAN WAYNE PUMMILL is hereby appointed as Trustee of such disability benefits totalling $699.60, and as such, is hereby ORDERED to pay to Respondent, MARILYNN PUMMILL, her share of such benefits, same being 50% of the disability benefits and currently amounting to $349.80 per month. IT IS FURTHER

ORDERED that such Trustee shall make said amount payable to respondent through an allottment (sic) to be paid trhough (sic) the District Clerk of Tarrant County, 400 Civil Courts Building, Fort Worth, Texas, 76102, at the same time Petitioner's portion is paid each month and to begin on September 1, 1977. *Any* increase or decrease in such 100% disability award of $699.80 shall result in an increase or decrease as the case may be in Respondent's 50% share or interest of same. Said Trustee shall further provide in allottment (sic) for such increase or decrease or make a new allottment (sic) at the time he is aware of such increase or decrease.

"IT IS FURTHER ORDERED that on or before January 1 of each year, Petitioner shall provide Respondent with written verification as to the amount of such disability benefits paid to said Petitioner for the preceeding (sic) year by copies of checks received or other form of written verification of the total amount of same before reductions for any allottments (sic) made by Petitioner . . . ."

The principal question presented is whether the trial court had the authority to attempt to divide the disability compensation benefits in the manner it did. We conclude that the court did not have the authority.

We deem a recent supreme court case involving the attempted division of the same type of benefit in a divorce property settlement to be controlling. *Ex Parte Johnson*, 591 S.W.2d 453 (Tex.1979). We conform to the holding in *Johnson* and hold that the trial court was without the power to divide the V. A. disability compensation benefits; and that so long as they are paid to Pummill under existent provisions of the federal law, they can not be reached or affected by decree of that court. Accordingly, the trial court was likewise without power to hold Pummill in contempt for failing to comply with the portion of its order requiring payment of half of the benefits to his former wife. (The division of property attempted was not permissible, so that portion of the decree making the award was void. It necessarily follows that

the contempt adjudication, attempting to enforce a void decree or provision thereof, would also be void and unenforceable.)

Mrs. Pummill argues that *Johnson* is distinguishable, and that a number of other cases are factually controlling. The first such cited is *Ex Parte Johnson*, 583 S.W.2d 660 (Tex.Civ.App.–Waco 1979, no writ). This case predated the supreme court case with the same style and it was Johnson's first attempt to seek habeas corpus relief. The facts in both cases are identical. The Waco court refused to grant the relief sought, so Johnson sought similar relief from the supreme court, which granted it.

A second case cited is *McGinty v. McGinty*, 592 S.W.2d 34 (Tex.Civ.App.–Beaumont 1979, writ dism'd). We note that *McGinty*, an opinion of an inferior court, predates the supreme court decision in *Johnson*. Moreover, *McGinty* concerned the division of military disability retirement benefits, awarded under 10 U.S.C. sec. 1201, et seq. (1975 and Supp.1980) and sec. 1331, et seq. (1975), rather than V. A. disability compensation benefits awarded under 38 U.S.C. sec. 3105 (1979). For this reason, we find that *McGinty* is immaterial as factually distinguishable since different benefits under different federal statutes were involved.

Finally, Mrs. Pummill argues that her former husband is estopped from seeking collateral relief because he did not appeal the divorce decree. We deem this argument without merit. The basis for the relief sought by Pummill is that the portions of divorce decree pertaining to his disability compensation benefits are void, by virtue of the trial court having attempted to exercise its power over property without its jurisdiction. By so acting, the trial court committed fundamental error. Complaint thereof can be raised for the first time in an appellate court. 3 Tex.Jur.2d Rev. Appeal & Error–Civil Cases, sec. 100 (1959). Under the circumstances of this case, where Pummill was incarcerated for failing to comply with void provisions of his divorce decree, the only avenue open to him was to collaterally attack the judgment by

seeking a writ of habeas corpus, which he has done through the instant proceeding. *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 893 (1956); *Ex Parte Tyler*, 152 Tex. 602, 261 S.W.2d 833, 834 (1953). It did not matter that the deadline for an appeal from the divorce decree had passed without Pummill having properly appealed. The situation presented is one proper for habeas corpus relief.

We hold that (1) the trial court was without power to divide Pummill's V. A. disability compensation benefits; (2) the provisions of the divorce decree awarding one-half of Pummill's V. A. disability compensation benefits to Mrs. Pummill and establishing a trust over those benefits is void and unenforceable; and (3) the trial court did not possess power to hold Pummill in contempt and incarcerate him for failure to comply with the property settlement provisions of the divorce judgment.

Relator is ordered discharged.