**Rufus E. ULMER, Appellant,**

**v.**

**Carrene T. ULMER, Appellee.**

**No. 9479.**

Court of Appeals of Texas,
Texarkana.

Aug. 12, 1986.

Rehearing Denied Sept. 9, 1986.

---

Richard R. Orsinger, Heard, Goggan & Blair, Kevin Schleicher, San Antonio, for appellant.

Gary D. Howard, San Antonio, for appellee.

BLEIL, Justice.

Rufus Ulmer appeals the permanent injunctions and the property division contained in a judgment of divorce granted between himself and Carrene Ulmer. He raises issues including the trial court's authority to grant unsought permanent injunctions in the divorce decree, its authority to enjoin an individual from the practice of his profession as part of the property division in a divorce suit, the division of military retirement pay and Veterans Administration benefits, and the discretion of the trial court to divide the estate of the parties.

Rufus and Carrene Ulmer were married in 1947. Carrene Ulmer filed for divorce in July 1983. The Ulmers have no children under eighteen years of age, although one child, who is handicapped, is provided for by agreement of the parties in the divorce decree. The trial court filed no findings of fact or conclusions of law.

Rufus Ulmer complains that the trial court erred in issuing the permanent injunctions contained in the divorce decree. The injunctions complained of are:

IT IS ORDERED and DECREED that since ULMER JANITORIAL SERVICE, INC. has been awarded to CARRENE T. ULMER as her sole and separate property that RUFUS E. ULMER be and is hereby enjoined and restrained from entering into a like business in competition with CARRENE T. ULMER for a period of one year, within San Antonio, Bexar County, Texas; and that he will do noth-

ing to take away or diminish the trade, business, or goodwill between the business and its customers.

IT IS ORDERED and DECREED that CARRENE T. ULMER and RUFUS E. ULMER be and they are hereby permanently restrained and enjoined from the following acts:

1. communicating with each other by telephone, or in writing, or in person, or with any business associates of the other party for any purpose;

2. intentionally, knowingly, or recklessly causing physical contact or bodily injury to each other, or knowingly threatening the other party with imminent bodily injury;

3. entering or remaining on the premises of the other party's residence and/or business;

4. interfering with the other party's business interests, or employees, or interfering with any property hereinabove awarded to the other party;

5. entering, operating, or exercising control over any property hereinabove awarded to the other party;

This permanent injunction shall be binding on the parties, on their agents, servants, and employees, and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise. The requirement of a bond is hereby waived.

Rufus Ulmer contends that these injunctions were not supported by proper pleadings. In their pleadings, both parties asked for a temporary restraining order to be made into a temporary injunction, upon notice and hearing. The trial court granted this relief, although the temporary injunction against Rufus Ulmer was later dismissed.

■ There is no question that a trial court may issue an injunctive order, under its broad discretion in a divorce action, to temporarily protect community property or the parties before final judgment or during appeal. *Morgan v. Morgan,* 657 S.W.2d 484 (Tex.App.—Houston [1st Dist.] 1983,

writ dism'd); Tex.Fam.Code Ann. § 3.58 (Vernon Supp.1986). However, the orders questioned here are not temporary, but permanent. While a district court has constitutional and statutory authority to issue writs of injunction, Tex.Const. art. V, § 8; Tex.Civ.Prac. & Rem.Code § 65.021 (Vernon 1986); Tex.R.Civ.P. 693, in general, a permanent injunction must not grant relief which is not prayed for, nor be more comprehensive or restrictive than justified by the pleadings, the evidence, and the usages of equity. *Morgan v. Morgan,* supra. Neither party requested permanent injunctive relief. Therefore, the trial court exceeded its jurisdiction by entering an injunction that was not specifically requested by the parties. *See Fairfield v. Stonehenge Ass'n Co.,* 678 S.W.2d 608 (Tex.App.-Houston [14th Dist.] 1984, no writ).

■ Rufus Ulmer also argues that the trial court erred in issuing the injunction prohibiting him from engaging in the janitorial services business because the injunction deprives him of his separate property, i.e. the right to engage in his chosen profession, in violation of the Texas Constitution and without statutory authority. An individual's ability to practice his profession does not qualify as property subject to division by decree of the court. *Nail v. Nail,* 486 S.W.2d 761 (Tex.1972). Thus, the trial court further erred in enjoining Rufus Ulmer from engaging in his chosen profession as part of the property division.

Rufus Ulmer complains that the trial court erred in enjoining him from engaging in the janitorial services business because the injunction deprives him of a valuable property right in violation of the United States Constitution and the Texas Constitution, the injunction violates public policy as an unlawful restraint of trade, the injunction is unreasonable as to time and geographic area, the language of the injunction is overbroad, the trial court did not recite the findings required by law in the decree, and the evidence is legally and factually insufficient to support the injunction. We have already concluded that the trial court exceeded its jurisdiction by issuing orders for injunctive relief not requested

by the parties and because an individual's right to practice his profession is not subject to division by the court. For this reason, the additional questions concerning the injunction against Rufus Ulmer are not discussed.

■ Rufus Ulmer also maintains that the trial court erred by awarding Carrene Ulmer an interest in his Veterans Administration benefits, or by failing to award these benefits to Rufus Ulmer. The portion of the decree dealing with military retirement pay provides:

> IT IS ORDERED and DECREED, and the parties agree that they have an adult son, STEVE ULMER, who is their dependent and he will become the dependent of RUFUS E. ULMER for income tax purposes; and that he will be supported by both parties; RUFUS E. ULMER will contribute as his part of the support one-half of the military retirement pay which he otherwise would have received as community property for the support and maintenance of their adult dependent son and CARRENE T. ULMER will contribute as her part of the support one-half of the military retirement pay which she otherwise would have received as community property for the support and maintenance of their adult dependent son. It is further ORDERED that RUFUS E. ULMER be and is hereby appointed manager and payee of the above-stated funds. If the adult son shall die, then CARRENE T. ULMER shall receive one-half of said military retirement pay.

Veterans Administration benefits are not divisible or assignable—they are not property. *Ex parte Burson,* 615 S.W.2d 192 (Tex.1981). Rufus Ulmer receives both military retirement pay and Veterans Administration benefits. The payments are made separately. The decree only purports to divide the military retirement pay; it is silent as to the Veterans Administration benefits. Under the language of the divorce decree, Carrene Ulmer was not awarded an interest in Rufus Ulmer's Veterans Administration benefits.

■ Rufus Ulmer claims that the trial court erred in awarding Carrene Ulmer an interest in his military retirement pay without conforming to the requirements of federal law and in awarding Carrene Ulmer a fractional interest in Rufus Ulmer's retirement benefits when any such award must involve a specific dollar amount. At trial, both parties agreed on the division of the military pay:

> MS. EBERT [attorney for Rufus Ulmer]: The only thing I think we have agreed as far as the child support and the military retirement. Is that right?
>
> MR. HOWARD [attorney for Carrene Ulmer]: That child be his dependent. And that one-half of the retirement benefits will be paid as support for the dependent; otherwise, Mrs. Ulmer will receive—of course, in the event anything happens to the boy, the funds would go to her.

Both parties acknowledge this agreement in their briefs. To permit a party to suggest, agree, or otherwise prevail upon the trial court to enter an order dividing military retirement pay, and then seek to reverse that order, would be to allow one to trifle with the courts. *McGinty v. McGinty,* 592 S.W.2d 34 (Tex.Civ.App.-Beaumont 1979, writ dism'd) (agreement in open court to divide military disability retirement benefits).

In addition, Rufus Ulmer does not show that the trial court awarded Carrene Ulmer an interest in his military retirement pay in violation of federal law; he merely sets out some of the limitations on an award of an interest in the retirement benefits of a member of the uniformed services that are required under the Uniformed Services Former Spouses' Protection Act, 10 U.S.C.A. § 1408 (1959 & Supp.1986). Also, he cites *Berry v. Berry,* 647 S.W.2d 945 (Tex. 1983), for the proposition that the award of an interest in military retirement benefits must involve a specific dollar amount. The holding in *Berry* was actually that the wife was entitled to one-half of the retirement benefits which the husband would have received at the time of divorce, had he been eligible for retirement, rather than to one-half of a percentage of the benefits actually received by him at retirement. Not only does *Berry* not require the award of a

specific dollar amount, it deals with the division of retirement benefits when the couple is divorced prior to retirement, while Rufus Ulmer was already receiving military retirement pay prior to the divorce.

Rufus Ulmer argues that the trial court abused its discretion by dividing the estate of the parties as it did, without due regard for the rights of the parties and the children of the marriage. The trial court made no findings of fact. The judgment of divorce lists the property awarded to each party, but does not give the value of most of the property. The trial court has wide discretion in dividing the estate of the parties and that division should be corrected on appeal only when an abuse of discretion has been shown. *Murff v. Murff*, 615 S.W.2d 696 (Tex.1981). Community property need not be equally divided. In exercising its discretion, the trial court may consider many factors and it is presumed that the trial court exercised its discretion properly. *Murff v. Murff*, supra. Rufus Ulmer shows no abuse of the trial court's discretion.

The trial court's judgment is modified to eliminate the injunctive relief granted. In all other respects, the judgment is affirmed.