Charles V. WILSON, M.D., in his Capacity as Medical Director of the Hidalgo County Health Department, Appellant,

v.

UNITED FARM WORKERS OF AMERICA, AFL–CIO, et al., Appellees.

No. 13–89–103–CV.

Court of Appeals of Texas, Corpus Christi.

July 7, 1989.

Rehearing Denied Aug. 31, 1989.

Paul Dobson, White, Huseman, Pletcher & Powers, Corpus Christi, for appellant.

Carter C. White, American Civ. Liberties Union South Texas Project, San Juan,

James C. Harrington, Texas Civ. Liberties Union Foundation, Inc., Austin, for appellee.

Before KENNEDY, UTTER, and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Appellees, the United Farm Workers of America, AFL–CIO, (UFW), Zulema Hernandez, Jose Aguilar, Felicitas Guerrero, Victorio Garcia, and Juan Angel Garcia, filed a class action suit against Charles Wilson, M.D., in his capacity as Medical Director of the Hidalgo County Health Department for, among other things, an injunction requiring Wilson to enforce certain state administrative regulations related to health and sanitation facilities for farm workers. *See* Tex. Dept. of Health, 25 Tex.Admin.Code § 289.91–.99 (1989). Appellees filed an application seeking a mandatory temporary injunction to force Wilson to enforce the regulations pending trial. After a hearing on the application, the trial court granted the temporary injunction, allowing only a portion of the relief requested. Wilson now seeks relief by interlocutory appeal, alleging by a single multifarious point of error that the trial court abused its discretion in issuing the temporary injunction.

■ We begin our analysis with a restatement of some applicable and pertinent rules concerning trial court discretion in the field of temporary injunctions. The first is that a trial court is given broad discretion in determining whether to issue a temporary injunction. *Janus Films, Inc. v. City of Fort Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962); *El Paso Development Co. v. Berryman,* 729 S.W.2d 883, 886 (Tex.App.—Corpus Christi 1987, writ pending); *Navarro Auto–Park, Inc. v. City of San Antonio,* 574 S.W.2d 582, 583 (Tex. Civ.App.—San Antonio 1978), *aff'd,* 580 S.W.2d 339 (Tex.1979). A necessary corollary requires that a reviewing court, then, not disturb the granting or denial of a temporary injunction absent a clear abuse of that discretion. *Janus,* 358 S.W.2d at

589; *Berryman,* 729 S.W.2d at 886; *Navarro Auto–Park,* 574 S.W.2d at 583.

In arguing that the trial court here abused its discretion, appellant claims that appellees failed to make the requisite showing of (1) probable right of recovery and (2) probable injury during the interim period. *Navarro Auto–Park,* 574 S.W.2d at 585. The argument challenging the right to recovery, asserts that Wilson has prosecutorial discretion which precludes injunctive relief and that the injunction fails to maintain the status quo.

■ We do not agree that Wilson has prosecutorial discretion precluding injunctive relief. Wilson is not a prosecutor. He is the county medical director charged with the enforcement of health laws. Tex.Rev. Civ.Stat.Ann. art. 4436b, § 3.01(a) (Vernon Supp.1989). We agree that he must have some discretion in the means by which he fulfills his appointment mandate, but his exercise of that discretion is subject to judicial review to determine whether it is unreasonable, arbitrary or capricious. *Stone v. City of Wylie,* 34 S.W.2d 842, 844 (Tex.Comm'n App.1931, judgm't affirmed); *City of Shoreacres v. State,* 582 S.W.2d 211, 213–14 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Appellees contend, and presented evidence at the hearing, that appellant has unreasonably, arbitrarily and capriciously chosen not to actively enforce these regulations.

■ We note at this juncture that appellant would have us hold that the judiciary is powerless to impose its mandate where his discretion is involved. According to appellant, "[t]he learning and discretion required of [Wilson] puts (sic) him beyond the injunctive control of the court in the exercise of his law enforcement duties." Appellant cites no authority for this proposition, and we disagree.

Normally, when an official is, in the opinion of those whom he serves, inefficient in the performance of his duties, we leave the corrective measures up to the electorate, either directly or indirectly. However, while neglect of one's duties is often a matter of subjective discernment, total ne-

glect can be objectively observed. What the record shows us, objectively, very nearly approaches total neglect in the enforcement of the regulations at issue in this case. For this, there must be an injunctive remedy whether the official be a health officer, a peace officer, or any other official clothed with some discretion in the performance of his duties. Although we do not now decide questions to be determined in the trial on the merits, we do hold that a remedy is available to one who proves the cause of action alleged. *See Matlock v. Data Processing Security, Inc.,* 618 S.W.2d 327 (Tex.1981).

Appellant also argues that the temporary injunction is improper for the reason that it fails to maintain the status quo. "Status quo" has been defined as the last actual peaceable, noncontested status that preceded the controversy. *State v. Southwestern Bell Telephone Co.,* 526 S.W.2d 526, 528 (Tex.1975); *Texas Aeronautics Commission v. Betts,* 469 S.W.2d 394, 398 (Tex. 1971). Generally the purpose of a temporary injunction is to maintain the status quo. However, the status quo here is that of neglect in terms of enforcement of those regulations meant to provide farm workers with facilities most Americans take as their right.

■ A mandatory temporary injunction, such as the one before us, may issue to prevent irreparable injury or extreme hardship. *Iranian Muslim Organization v. City of San Antonio,* 615 S.W.2d 202, 208 (Tex.1981); *Derebery v. Two–Way Water Supply Corp.,* 590 S.W.2d 647, 649 (Tex. Civ.App.—Dallas, 1980 writ ref'd n.r.e.); *Haynie v. General Leasing Company, Inc.,* 538 S.W.2d 244, 245 (Tex.Civ.App.— Dallas 1976, no writ). In reviewing the issuance or denial of a temporary injunction, we view the evidence in the light most favorable to the trial court's judgment. *El Paso Development Co.,* 729 S.W.2d at 886.

■ Dr. Arminda Perez testified that unsanitary conditions in the fields cause the spread of gastrointestinal disease and hepatitis among farm worker populations. She testified that sanitation facilities for farm workers would decrease such infection among the farm workers. She explained how infection occurs and how sanitary facilities reduce or prevent infection. She also testified that potable water is necessary to prevent dehydration and heat exhaustion among Valley farm workers. She testified that the women in the fields suffer more than women in the general population from urinary tract infections caused by retaining urine until an opportunity for private relief presents itself. She testified that the workers need facilities for handwashing, not only to prevent infection but also to reduce pesticide contamination.

Juanita Valdez–Cox, the union representative, testified that the United Farmworkers had reported hundreds of violations of these regulations and that not a single fine had ever been levied, nor a civil suit instituted, nor a criminal prosecution had in the entire time the regulations had been in effect. This testimony was supported by that of the chief inspector for the health department. The regulations in question went into effect in 1983.

J.B. Garcia, chief inspector of the county health department, testified that if an inspector spots a violation he sends a report to the office. If the department discovers the violators have committed repeat offenses, Dr. Wilson sends the offending grower a letter warning that grower that he is breaking the law. However, he also testified that the department regularly refers reports of violations to O.S.H.A.[1] regardless of whether O.S.H.A. has jurisdiction to act. Furthermore, aside from the letter mentioned above, no additional action is taken to enforce compliance with these regulations. The status quo to be altered by the injunction merely requires Dr. Wilson to take active measures to enforce the health and sanitation laws entrusted wholly to his office.

Appellant further argues that appellees lack standing to seek relief because they have not yet been certified as a class under Tex.R.Civ.P. 42. Subsection (c)(1) states, "As soon as practicable after the com-

---

1. The Federal Occupational Safety & Health Administration.

mencement of an action brought as a class action, the court shall, after hearing, determine by order whether it is to be so maintained. This determination may be altered, amended or withdrawn at any time before final judgment."

■ There has been no determination of class standing. Furthermore, it is apparent from the language of the rule that the issue of class certification remains with the trial court until it makes its final judgment. Therefore, the issue is not timely before this court. We can find no requirement in the law that standing be determined prior to issuance of a temporary injunction, and we do not believe it is a proper issue in this interlocutory appeal. *See Brittian v. General Telephone Co.,* 533 S.W.2d 886 (Tex. Civ.App.—Fort Worth 1976, writ dism'd); *cf. Duncan v. Dripping Springs I.S.D.,* 612. S.W.2d 644 (Tex.Civ.App.—Austin 1981, original proceeding). We reiterate here that Tex.R.Civ.P. 42 commands the court, after a hearing, to determine whether a suit filed as a class action may be so maintained. We urge the parties and the trial court to heed the language of the rule with alacrity.

■ Appellant further argues that the individual appellees and the UFW lack standing because they failed to show probable injury to themselves. According to the sworn pleading and testimony given at the hearing, the named appellees are five individual farm workers and a representative association of farm workers in Hidalgo County. Their status as such was not challenged at the hearing on the temporary injunction. Section 289.91(c) of these regulations states that "[t]he purpose of these sections is to prescribe *minimum* standards for the protection of *the individual employee* and the public welfare." The UFW pleaded and presented evidence that its members, farm workers in Hidalgo County, would suffer irreparable harm without the injunction. The justiciable interest of the UFW in this cause was not properly challenged. Appellant has waived his right to complain. *See Texas Industrial Traffic League v. Railroad Commission,* 633 S.W.2d 821 (Tex.1982); *Sabine River Authority v. Willis,* 369 S.W.2d 348 (Tex.1963).

We have reviewed the order carefully. Albeit somewhat indirectly worded, the order clearly commands appellant to cite violators of the regulations, refer violators to the appropriate authorities for prosecution, and to, in all aspects, enforce the regulations. The order is sufficiently specific to comply with Tex.R.Civ.P. 683. It commands him only to enforce those laws the legislature has obligated him to enforce. *See City of Houston v. Houston Police Officers Ass'n.,* 715 S.W.2d 145 (Tex.App.—Houston [14th Dist.] 1986, no writ); *City of Shoreacres,* 582 S.W.2d at 214. He cannot be heard to come before this Court protesting now that he does not understand his duties.

■ Finally, appellant argues that the trial court abused its discretion in issuing this temporary injunction because it violates the Rules of Civil Procedure as to the bond amount set. Tex.R.Civ.P. 684. This attack likewise lacks merit. The amount of the bond required on the issuance of the temporary injunction rests within the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. *Currie v. International Telecharge, Inc.,* 722 S.W.2d 471, 475 (Tex.App.—Dallas 1986, no writ). Appellant states that reallocation of existing resources may be necessary to comply with the order. Reallocation of resources is not necessarily a costly task. No money damages are at issue. Appellant seems to argue that the $25.00 bond set in this case constitutes prima facie abuse of discretion. Again we decline to interfere with the action taken here by the trial court absent some actual showing that he abused his discretion. *See, Berryman,* 729 S.W.2d at 889. The point of error is overruled, and the order granting the temporary injunction is affirmed.