**DEL VALLE INDEPENDENT SCHOOL DISTRICT, et al.**

v.

**Enrique G. LOPEZ, Jr., et al.**

**No. 3–92–078–CV.**

Court of Appeals of Texas, Austin.

April 1, 1992.

Rehearing Denied April 22, 1992.

John T. Fleming, Henslee, Ryan & Groce, P.C., Austin, for appellants.

James C. Harrington, Texas Civil Rights Project, Austin, for appellees.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

PER CURIAM.

Appellants Del Valle Independent School District; John Ojeda, Danny Zieger, Eugene Johnson, Lee Machan, Kay DeVilbiss, Gary Viktorin, Chuck Greenwood, its Trustees; and Edward A. Neat, its Superintendent ("the District") seek to appeal from an "Order Adopting and Implementing Interim Election Plan" issued by the district court of Travis County. We will dismiss the appeal for want of jurisdiction.

In December 1989, appellees Enrique G. Lopez, Felix R. Rosales, Jr., and Maurice Walker ("plaintiffs") filed suit against the

District seeking a declaration that the District's at-large system for electing members to the Board of Trustees was unconstitutional. *See* Tex. Const. art. I, §§ 3, 3a, 19. Plaintiffs also requested injunctive relief enjoining the District from holding elections under the at-large system.

On November 9, 1990, the District adopted a plan creating five single-member districts and two at-large positions (the "5–2 plan"). *See generally* Tex.Educ.Code Ann. § 23.024 (1987 & Supp.1992). Shortly thereafter, plaintiffs amended their petition alleging that the 5–2 plan was "as discriminatory and violative of the law as the … at-large, by-place election system." Plaintiffs also sought to enjoin the use of the 5–2 plan to elect members to the Board.[1] On January 11, 1991, the district court issued its order severing the claims relating to the 5–2 plan from those relating to the at-large system.[2] *See* Tex.R.Civ.P.Ann. 41 (1979).

In the severed cause, the district court on February 21, 1992, issued an order that adopts a plan for six single-member districts and one at-large position (the "6–1 plan"), developed at the request of the court. The court ordered further that the District is to conduct an election under this plan on May 2, 1992. On February 21, 1992, the District filed its appeal bond with the district clerk of Travis County seeking to appeal the district-court order. The District filed an amended appeal bond on March 20, 1992. Felix Rosales and Maurice Walker filed an appeal bond on March 2, 1992. *See generally* Tex.R.App.P.Ann. 42 (Pamph.1992).

■ Generally, an appellate court may review only final judgments. Tex.Civ.Prac. & Rem.Code Ann. § 51.012 (1986); *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex.1985); *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). The appeal of an order granting a temporary injunction is an appeal from an interlocutory order expressly authorized by Tex.Civ. Prac. & Rem.Code Ann. § 51.014 (Supp. 1992); *see Davis v. Huey*, 571 S.W.2d 859, 861 (Tex.1978). Because the interim order does not dispose of all claims relating to the 5–2 plan, it is interlocutory. The District characterizes the order as an order granting a temporary injunction, thereby, bringing it within the purview of § 51.014.

■ We conclude that the order is not a temporary injunction and, therefore, not an appealable interlocutory order. Generally, the only question before the trial court in a temporary injunction hearing is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending a trial on the merits. *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981); *Davis*, 571 S.W.2d at 862; *Omniphone, Inc. v. Southwestern Bell Tel. Co.*, 742 S.W.2d 523, 525 (Tex.App.1987, no writ). "Status quo" has been defined as the last, peaceable, noncontested status that preceded the controversy. *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975); *Wilson v. United Farm Workers of Am.*, 774 S.W.2d 760, 763 (Tex.App.1989, no writ).

■ An injunction does not fail as an injunction, however, simply because it requires action that alters the status quo. A trial court may issue a mandatory temporary injunction to prevent irreparable injury or extreme hardship. *Iranian Muslim Org.*, 615 S.W.2d at 208; *Wilson*, 774 S.W.2d at 763. In its letter-brief, the District argues that the order here is a mandatory injunction because it requires the District to hold an election under the 6–1 plan. The District also states that the order is impliedly a prohibitory injunction because it prevents the District from proceeding under the 5–2 plan.

---

1. At some point, the district court temporarily enjoined the District from holding elections. This order is not included in the record on appeal. The transcript does include the District's motion to dissolve the temporary injunction and the order of March 28, 1991, denying the District's motion.

2. The district court rendered judgment in the original cause on May 9, 1991, declaring that the at-large system denied plaintiffs and minority citizens equality of the law and equal rights. Tex. Const., art. I, §§ 3, 3a. The judgment underlies a separate appeal pending in this Court.

The District bases these arguments on the assumption that the order grants injunctive relief. We disagree. *See generally* Tex.Civ.Prac. & Rem.Ann.Code §§ 65.-001, 65.021–.031 (1986 & Supp.1992); Tex. R.Civ.P.Ann. 681–693 (1966 & Supp.1992). Most noticeably, the order does not provide for the issuance of a writ of injunction. *See generally* Tex.Civ.Prac. & Rem.Code Ann. § 65.022 (1986); Tex.R.Civ.P.Ann. 687, 688 (1966 & Supp.1992); 2 William V. Dorsaneo, *Texas Litigation Guide* (MB) § 50.112 (Sept. 1988) (order for issuance of temporary injunction).

■ Furthermore, a trial court may grant only that injunctive relief which an applicant specifically requests. *Fairfield v. Stonehenge Ass'n Co.*, 678 S.W.2d 608, 611 (Tex.App.1984, no writ); *Fant v. Massie*, 451 S.W.2d 774, 776 (Tex.Civ.App.1970, writ ref'd n.r.e.); *see* Tex.R.Civ.P.Ann. 682 (1966). A general prayer for relief is not sufficient to warrant relief other than that specifically requested. *Fairfield*, 678 S.W.2d at 611.

Plaintiffs alleged, "The continuing nature of [the District's] denial of equal rights to Plaintiffs ..., which are fundamental rights, is resulting in immediate and irreparable harm to them, entitling Plaintiffs to temporary and permanent injunctive orders." They specifically prayed for "temporary and permanent injunctions, restraining and enjoining [the District] ... from any further [sic] implementing or enforcing either the at-large system or the proposed 5–2 plan." Plaintiffs did not request any *mandatory injunctive relief* requiring the District to hold elections pursuant to a particular plan. Accordingly the order does not relate to any request for injunctive relief.

Because the order is not an interlocutory order from which an appeal is authorized, this Court is without jurisdiction over the appeal. *See* Tex.Civ.Prac. & Rem.Code Ann. § 51.014 (Supp.1992); *Aldridge*, 400 S.W.2d at 895. The appeal is dismissed for want of jurisdiction.