IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON REMAND


 





NO. 3-92-078-CV





DEL VALLE INDEPENDENT SCHOOL DISTRICT, ET AL.,



 APPELLANTS


vs.





ENRIQUE G. LOPEZ, JR., ET AL.,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT



NO. 475,874-A, HONORABLE JOE B. DIBRELL, JR., JUDGE PRESIDING



 





 Appellants Del Valle Independent School District; John Ojeda, Danny Zieger,
Eugene Johnson, Lee Machan, Kay DeVilbiss, Gary Viktorin, Chuck Greenwood, its Trustees;
and Edward A. Neal, its Superintendent, ("the District") bring this interlocutory appeal from a
temporary injunction.

 Through a class action filed in December 1989, Enrique Lopez, Felix Rosales, and
Maurice Walker ("Plaintiffs") sought a declaration that the at-large system of electing board
members to the Del Valle Independent School District Board of Trustees violated the Texas
Constitution by diluting minority voting strength. See Tex. Const. art. I, §§ 3, 3a, 19. Plaintiffs
also requested injunctive relief enjoining the District from holding elections under the at-large
system.

 Before the trial on the merits, the District offered to settle the suit by voluntarily
adopting a plan creating five single-member districts and two at-large positions (the "5-2 plan"). 
However, because the District would not admit that the at-large system was unconstitutional,
Plaintiffs rejected the settlement offer, and then amended their petition, contending the 5-2 plan
was also unconstitutional and seeking to enjoin the use of it in elections. The district court
severed the claims relating to the 5-2 plan from those relating to the at-large system.

 In this severed cause, the district court issued an order that adopted a plan for six
single-member districts and one at-large position (the "6-1 plan"). The court ordered further that
the District was to conduct an election under this plan on May 2, 1992. (1) All parties objected to
this order and the District appealed.

 On appeal to this Court, we concluded that the order was not a temporary
injunction and was therefore not an appealable order. Del Valle Indep. Sch. Dist. v. Lopez, 845
S.W.2d 916, 917 (Tex. App.--Austin 1992). Following our dismissal, the Texas Supreme Court
granted writ of error, reversed our judgment, and remanded the case to us concluding that our
dismissal was erroneous. Del Valle Indep. Sch. Dist. v. Lopez, 845 S.W.2d 808 (Tex. 1992). 
We are thus confronted with whether the trial court properly granted the temporary injunction in
question.



DISCUSSION


 In an appeal from an order granting a request for a temporary injunction, appellate
review is confined to the validity of the order granting the injunctive relief. The merits of the
lawsuit are not presented for review. Davis v. Huey, 571 S.W.2d 859, 861-62 (Tex. 1978). 
Indeed, appellate consideration of the merits of the underlying lawsuit is error. Id. at 862; Hertz
Corp. v. State Dep't of Highways & Pub. Transp., 728 S.W.2d 917, 919 (Tex. App.--Austin 1987,
no writ). This Court may reverse the trial-court order only on a showing of a clear abuse of
discretion. Transport Co. of Tex. v. Robertson Transp., 261 S.W.2d 549, 552 (Tex. 1953).

 To be entitled to a temporary injunction, Plaintiffs had the burden to demonstrate
both a probable right to recover and a probable irreparable injury that would occur if the trial
court did not grant the injunction. Tex. Civ. Prac. & Rem. Code Ann. § 65.011 (West 1986 &
Supp. 1994); Robertson Transp., 261 S.W.2d at 552; Rutherford Oil Corp. v. General Land
Office, 776 S.W.2d 232, 234 (Tex. App.--Austin 1989, no writ). In its points of error, the District
contends that the trial court abused its discretion in enjoining the continuation of the at-large
method of electing the school board and, among other things, contends that the Texas Constitution
does not empower a state district court to provide remedies in a cause involving a voting-rights
challenge. We disagree.

 As we held in a severed part of this cause:



We hold that a party may bring a voting-rights challenge under either the Texas
Constitution's equal protection clause, Tex. Const. art. I, § 3, or the equal rights
amendment, Tex. Const. art. I, § 3a. Terrazas, 829 S.W.2d at 717. Accordingly,
we conclude that Appellees clearly stated a cause of action against Del Valle under
article I, sections 3 and 3a of the Texas Constitution.



Del Valle Indep. Sch. Dist. v. Lopez, 863 S.W.2d 507, 515 (Tex. App.--Austin 1993, writ 
denied).



CONCLUSION


 Since we conclude that Plaintiffs demonstrated both a probable right to recover and
a probable injury which would have resulted, we overrule the District's point of error and affirm
the temporary injunction order rendered by the district court.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed on Remand

Filed: September 28, 1994

Do Not Publish

1.   Apparently, the May 2, 1992, election was held using the 6-1 plan.